UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YEFIM MILTER,

       Plaintiff,

                                              Civil Action No. 11-CV-11353
vs.                                          HON. MARK A. GOLDSMITH

WRIGHT MEDICAL GROUP,
INC. and WRIGHT MEDICAL
TECHNOLOGY, INC.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR COSTS AND ATTORNEY FEES.

### I. INTRODUCTION

This is a personal injury and products liability case that was removed to federal court on April 1, 2011. The asserted basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Yefim Milter alleges that a medical device manufactured by Defendants Wright Medical Technology, Inc. ("WMT") and Wright Medical Group, Inc. ("WMG") and implanted in Plaintiff during bilateral hip replacement surgery was defective, requiring Plaintiff to undergo painful revision surgery. See Am. Compl. ¶ 11 (Dkt. 8-4).

This case is currently governed by the amended complaint, which was filed on March 25, 2011. The original complaint, which was filed while the matter was pending in state court, initially named WMT and Wright Medical Systems, Inc. ("WMS") as defendants. By the filing of his amended complaint, Plaintiff removed WMS as a party

defendant and added WMG.  Thus, the remaining defendants in the action are WMT and WMG only.

This matter is before the Court on Plaintiff's motion to remand, together with his request for costs and attorney fees.  Plaintiff seeks remand of this action on two grounds: alleged lack of unanimity among Defendants and Defendants' alleged failure to prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold required by 28 U.S.C. § 1332(a).

This matter is fully briefed. Defendants sought and were granted leave to file a surreply.  Pursuant to E.D. Mich. LR 7.1(f), the Court will decide this motion without oral argument.  For the reasons that follow, Plaintiff's motion to remand and his request for costs and attorney fees will be denied.

## II. BACKGROUND

Plaintiff originally brought suit in Wayne County Circuit Court on March 9, 2011. The original complaint named two defendants: WMT and WMS. After reviewing the original complaint, Defendants' counsel – who represents both WMT and WMG – immediately deduced that WMS was erroneously named as a party defendant, and that the proper defendant was instead WMG.[1]

Indeed, Plaintiff subsequently realized that he made a mistake in naming WMS as a party defendant.  Accordingly, he filed an amended complaint on March 25, 2011 – while the action was still pending in state court – removing WMS as a defendant and adding WMG, the parent company of WMT.   On April 1, 2011, WMT filed its notice of

---

[1] Counsel for Defendants knew that WMG was WMT's intended co-defendant – and not WMS – based on the substance of the allegations contained in the original complaint (i.e., Defendants share a "common headquarters" and a "[common] website," and are "related Delaware corporations").

2

removal, stating, in part: "All Defendants consent to this removal."  On the same day, WMG was served with the amended complaint naming it as a defendant.  It is significant to note that Defendants were unaware that Plaintiff had filed an amended complaint at the time they filed their notice of removal, as the amended complaint had not yet reached Defendants or their counsel.

### III. ANALYSIS

Plaintiff argues that removal was improper for two reasons: lack of unanimity and Defendants' purported failure to show that the statutory amount in controversy is satisfied.  The Court addresses each argument, in turn.

### A.  The Rule of Unanimity

Unanimity of consent is a judicially created rule derived from the statutory language of 28 U.S.C. § 1446, which prescribes the proper procedure for removal.  Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003).  The unanimity rule requires that all defendants who have been joined or properly served in an action to consent to, or join in, a petition to remove an action to federal court.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999).  The unanimity requirement is satisfied when counsel for one defendant represents in the notice of removal that a co-defendant also consents to removal.  See Harper v. Autoalliance Int'l, Inc., 392 F.3d 195, 201 (6th Cir. 2004).

Plaintiff argues that the rule of unanimity is unsatisfied here because WMG has not timely joined in the notice of removal, which was filed by WMT on behalf of "Defendants."  Technically speaking, "Defendants" referred to WMT and WMG (and not WMS) because, at the moment counsel filed the notice of removal, the amended

complaint naming WMG had been properly filed in state court – although it had not yet been received by Defendants' counsel – and was thus the governing complaint.  Thus, at the time the notice of removal was filed, WMG had been "joined . . . in [the] action," and had properly consented to removal by counsel's statement that "All Defendants consent to this removal."  Thus, the rule of unanimity is satisfied.  That counsel for Defendants had not yet received a copy of the amended complaint naming WMG as a party defendant is of no consequence, as counsel knew from his reading of the original complaint that WMG – and not WMS – was WMT's proper and intended co-defendant.[2]

Even if the Court rejected Defendants' position that WMG had properly joined in the removal, the Court would still decline to remand the case based on the purported failure to satisfy the rule of unanimity.  Under a well known exception to the unanimity requirement, a defendant who has not been served with process at the time the notice of removal is filed need not join in the notice of removal.  See Klein v. Manor Healthcare Corp., 19 F.3d 1433, 1994 WL 91786, n. 8 (6th Cir. 1994); First Independence Bank v. Trendventures, L.L.C., No. 07-CV-14462, 2008 WL 2530454, at *5 (E.D. Mich. Jan. 30, 2008).  This exception applies in this case because, at the time counsel for Defendants

---

[2] In a case that is factually similar to the present one, a plaintiff filed suit against a corporate defendant but misnamed it in the original complaint (the entity named did not exist).  Defense counsel knew from the complaint that the intended defendant was either the existing parent company or its subsidiary (defense counsel represented both corporate entities), and subsequently removed the case on behalf of both entities. The plaintiff argued that removal was improper because the defense counsel could not have known from the erroneous pleading whether the plaintiff intended to sue the parent corporation or the subsidiary and could not obtain consent on behalf of both entities. The district court held that the removal was proper where the plaintiff's own erroneous pleading forced the defendant to remove the action based on a reasonable guess as to the entity the plaintiff was attempting to sue, rather than ignoring the suit on the basis that it was not properly named.  According to the court, defense counsel was under no duty to ascertain or guess which entity the plaintiff intended to sue.  See City of Cleveland v. Deutsche Bank Trust Co., 571 F. Supp.2d 807, 819 (S.D. Ohio 2008).

filed the notice of removal, WMG had not yet been served with the amended complaint naming it as a party defendant.  Thus, WMG's consent was not required.

## B. Amount in Controversy

Plaintiff contends that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, the jurisdictional threshold required under 28 U.S.C. § 1332(a).  In accordance with Michigan court rules, see M.C.R. 2.111(B)(2), neither the original complaint nor the amended complaint specified an exact amount in controversy; it stated only that the amount at issue was more than $25,000.  Plaintiff argues that there are not enough facts in the filings that were available at the time of removal to indicate that the amount in controversy exceeds $75,000.  Moreover, Plaintiff contends that the language of both the original and amended complaints contain "garden variety" damages assertions and thus, the amount in controversy could not be readily ascertained.  Plaintiff argues that because the amount in controversy has not been proven by a preponderance of the evidence, the requirements for diversity jurisdiction are not met.

Defendants, on the other hand, counter that a fair reading of the allegations in the amended complaint – taking into consideration the nature and extent of Plaintiff's alleged injuries as well as evidence of similar verdicts – suggests that the amount in controversy, more likely than not, exceeds the $75,000 threshold.

The Sixth Circuit has held that a removing defendant bears the burden of satisfying the amount-in-controversy requirement.  Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993).  Normally, the amount claimed by the plaintiff in the complaint controls, but where the amount is unspecified, the defendant satisfies its burden by

5

showing that the amount in controversy "more likely than not" exceeds the jurisdictional threshold.  Id. at 158.  For example, in Green v. Clark Refining & Marketing, Inc., 972 F. Supp. 423 (E.D. Mich. 1997), a case in which an amount of damages was unspecified in the complaint, another judge in this district held that the following recitation of injuries more likely than not exceeded the $75,000 jurisdictional threshold:

> [Plaintiff suffered] serious and grievous injuries to her person and body, including but not limited to: a fracture of the left ankle, severe injuries to tendon and ligaments, and other injuries to leg, foot and ankle… severe and excruciating pain and suffering, discomfort and mental anguish, [which] may result in permanent and recurring episodes of pain, physical restriction, and physical and mental suffering…. Plaintiff has sustained tremendous pain and suffering, disability, scaring [sic], and mental suffering and has incurred great financial expenses with respect to medical care and treatment, hospital care, pharmaceutical and like services, and those expenses will in all likelihood continue in the future…. Plaintiff has incurred a loss of earning capacity and loss of wages….

Id. at 425.

In the present case, Plaintiff alleges injuries as follows:

- Revision surgery, which is described in the original complaint as "a painful and complicated in-patient hospital procedure," where defective components of the prosthetic hip were surgically removed from the plaintiff's body and replaced with new components;

- Hospitalization;

- The corrosion of the allegedly defective device resulted in "severe lytic lesions" in the area of Plaintiff's femur where the device had been implanted;

- Plaintiff experienced "premature loosening" around the proximal femur;

- The corrosion of the metal components in Defendants' device allegedly resulted in the presence of "extremely elevated levels of toxic metals" in Plaintiff's blood.

- Plaintiff experienced an extended period of disability, and incurred medical expenses, lost wages, and "much physical and mental pain and suffering."

The damages in the present case, if true, are just as severe, if not more severe, than those alleged in Green. There is no doubt that the injuries alleged by Plaintiff herein "more likely than not" exceed the $75,000 jurisdictional threshold.  Plaintiff alleges that he underwent revision surgery on his hip, a painful and complicated procedure.  He further asserts that toxic metals were discovered in his system, and that he suffered extreme pain, necessitating hospitalization.  The Court rejects Plaintiff's argument that removal is improper based on failure to satisfy the amount in controversy requirement.

Plaintiff cites three cases in support of his position that Defendants have not satisfied their burden with regard to the amount in controversy.  See Garrisi v. Northwest Airlines Inc., No. 10-12298, 2010 WL 3702374 (E.D. Mich. 2010); Holt v. HMS Host USA, Case No. 09-344, 2009 WL 1794748 (M.D Tenn. June 18, 2009); Smith v. Phillips & Jordan, Inc., No.  10-134, 2011 WL 250435, at *1 (E.D. Ky. Jan. 24, 2011).  All three cases, however, are inapposite.[3]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for remand and requests for costs and attorney fees (Dkt. 8) is denied.

---

[3] The complaint in Garrisi alleged only "general" damage assertions such as "shock" and "fright," and not specific physical injuries.  The complaint in Holt sought "back pay, front pay, compensatory damages and punitive damages" over only a short period of time, and no serious physical injury was alleged.  Finally, the defendants in Smith relied solely upon the fact that the plaintiff rejected a settlement offer that was $10,000 less than the jurisdictional minimum in support of their argument that the amount in controversy was met.  The court held that the fact that the plaintiff refused settlement, by itself, did not prove by a preponderance of the evidence that the amount in controversy was in excess of $75,000.  Smith is distinguishable from the present case, as Plaintiff here has refused to stipulate that the amount in controversy is less than $75,000, and at the same time states that a jury may award more than that amount.  Furthermore, there was no description of damages, much less the extensive damages alleged in the instant case.

SO ORDERED.

Dated:  September 19, 2011                              s/Mark A. Goldsmith
                                                              MARK A. GOLDSMITH
                                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2011.

                                                              s/Deborah J. Goltz
                                                              DEBORAH J. GOLTZ
                                                              Case Manager